**Charles E. BUCKLEY, Plaintiff,**

v.

**BROWN PLASTICS MACHINERY, LLC; Plastics Machinery, L.P.; and Plastics Machinery Management, Inc., Defendants.**

No. C.A. 04–206 S.

United States District Court, D. Rhode Island.

April 13, 2005.

---

Marc Desisto, Providence, RI, for Plaintiff.

Steven M. Richard, Providence, RI, for Defendants.

### DECISION AND ORDER

SMITH, District Judge.

Charles E. Buckley ("Plaintiff") sued Brown Plastics Machinery, LLC ("Brown"), Plastics Machinery, L.P. ("PMLP") and Plastics Machinery Management, Inc. ("PMMI"; collectively "Defendants")[1] for breach of contract for failure to pay "amount[s] due" under a transition agreement (the "Transition Memorandum" or "Transition Agreement"; *see* Pl.'s Trial Ex. 1).[2] The jury returned a verdict in favor of Plaintiff and awarded him $785,277 in damages. Defendants now bring a Motion for Judgment as a Matter of Law or New Trial. *See* Fed.R.Civ.P. 50, 59.[3]

Defendants argue there was insufficient evidence presented at trial to justify the verdict. Defendants also argue that, even if this Court upholds the verdict, judgment should be imposed only against Brown, since "PMMI and PMLP are not party to the Transition Memorandum and there are no allegations or evidence that PMMI or PMLP breached any contractual obligation to plaintiff." (Defs.' Mot. for J. at 1.)

This Court may only grant Defendants' request for a new trial if it is "of the opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a clear miscarriage of justice." *Coffran v. Hitchcock Clinic, Inc.,* 683 F.2d 5, 6 (1st Cir.1982). This Court may only grant Defendants' Motion for Judgment if "the evidence, viewed from the perspective most favorable to the nonmovant, is so one-sided that the movant is plainly entitled to judgment, for reasonable minds could not differ as to the outcome." *Gibson v. City of Cranston,* 37 F.3d 731, 735 (1st Cir.1994).

This Court concludes the evidence presented at trial sufficiently supported the verdict to preclude this Court from granting Defendants' Motion as to all Defendants under the standards set forth above. Plaintiff presented the jury with the Transition Memorandum, which was signed by Brown and which stated, among other things, that Plaintiff was "due" $796,777. Defendants admitted they had not paid this amount due. While Defendants put on additional evidence to the effect that "when" the payment was due was in dispute, and that other documents needed to be consulted to answer that question (and that in fact those other documents suggested payment had not yet

---

1. PMLP is a direct subsidiary of PMMI, while Brown is a subsidiary of PMLP.

2. The contested amounts due under the Transition Memorandum involved the payment of Equity Appreciation Rights ("EARs"). In short, EARs represent an entitlement to share in the profits attributable to various portions of Defendants' businesses, subject to certain conditions.

3. Plaintiff has filed a Motion to Amend the Judgment to Include Prejudgment Interest, which will be addressed in a separate Order.

come due), this Court cannot say that no reasonable jury could find for Plaintiff on the basis of the Transition Memorandum alone (or some other combination of the evidence), or that to allow the verdict to stand would constitute a clear miscarriage of justice.

As to the argument that Brown alone should be subject to the verdict, Plaintiff does not object to an order releasing PMMI from liability, and this Court agrees with Defendants that there was no evidence presented at trial from which a reasonable jury could conclude PMMI was a party to the contract in issue here, or accountable in any way for the breach thereof.

PMLP, however, presents a different picture. At trial, Defendants argued that the Equity Appreciation Plan of PMLP (the "EAP"; *see* Pl.'s Trial Ex. 2) controlled what portion of the contested payments under the Transition Memorandum could be made to Plaintiff, and that the EAP explicitly precluded any payment at this time. Meanwhile, the primary thrust of Plaintiff's argument at trial was that Brown, and Brown alone, was liable for the

breach of contract. (Tr. of Closing Arguments at 8 ("When you look at this [Transition] [A]greement ... I ask you to look at who signed it, Brown Plastics Machinery ... [t]hat's the contracting party. That's who our suit is against.... There's no agreement with Plastics Machinery....").) However, Plaintiff also argued that the jury could find in his favor by looking to other documents. Plaintiff pointed out that Section 6.4(f) of the EAP provided Defendants discretion to make payments regardless of other restrictions in the EAP,[4] and that this discretion had in fact been exercised to make payments to two other individuals similar in kind to the payments Plaintiff was seeking under the Transition Memorandum (*see* Tr. of Closing Arguments at 16).[5]

The jury instructions specifically permitted, and in fact Defendants encouraged, the jury to look to documents besides the Transition Memorandum in deciding the case.[6] In light of the alternative arguments Plaintiff made regarding the availability of payments to Plaintiff under the EAP, the Court's review of the relevant documents, and the fact that PMLP

---

4. Section 6.4(f) of the EAP provides that "the Company may, in its sole and absolute discretion, prepay all or any portion of the Incentive Benefit at any time and from time to time." (Pl.'s Trial Ex. 2 at 10.)

5. Defendants also argued at trial that they were precluded from making the contested payments under the Transition Memorandum by the terms of a Note Purchase Agreement (the "Note"; Pl.'s Trial Ex. 3) Defendants (along with others) had entered into with The Peninsula Fund Limited Partnership and The Peninsula Fund II Limited Partnership (collectively, "Peninsula"). According to Defendants, the Note required Peninsula to approve payments of the sort sought by Plaintiff, and such approval had not been granted as to Plaintiff. But Plaintiff provided the jury with an explanation whereby they could conclude that this alleged prohibition on making payments to Plaintiff was not credible. (Tr. of

Closing Arguments at 17 ("[I]f you look at the Peninsula [N]ote ... there's a provision in there, 7.11. I asked Mr. Beckett [Senior Vice President, Peninsula Capital Partners] about it. I said, 'Mr. Beckett, doesn't 7.11 allow a contribution to Mr. Buckley if it's under $750,000?' And his answer, 'Yes, it does.'").)

6. The jury instructions provided:

[I]f you conclude that the language of the Transition Agreement is ambiguous, you must look to the surrounding circumstances as an aid in determining its intended meaning. Defendants contend that the language in the Transition Agreement does not create a stand alone contract regarding the payment of EARs and that reference to other documents, including the [EAP], is necessary to determine when and if Plaintiff will be eligible to receive an EAR payment.
(Jury Instructions at 12.)

was responsible for payments under the EAP (*see* Pl.'s Trial Ex. 2 at 1 (defining the "Company" as PMLP); *id.* at 10 ("the Company may ... prepay")), this Court cannot say that a conclusion by the jury that PMLP was liable for the breach of contract would result in "a clear miscarriage of justice," *Coffran*, 683 F.2d at 6, or that PMLP is "plainly entitled to judgment," *Gibson*, 37 F.3d at 735. It is not enough "that a contrary verdict may have been equally—or even more easily—supportable.... If the weight of the evidence is not grotesquely lopsided, it is irrelevant that the judge, were he sitting jury-waived, would likely have found the other way." *Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1333–34 (1st Cir.1988).

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion for Judgment as a Matter of Law is GRANTED as to Plastics Machinery Management, Inc.;

2. Defendants' Motion for Judgment as a Matter of Law or New Trial is DENIED to the extent it seeks to insulate Plastics Machinery, L.P. from judgment;

3. Defendants' Motion for Judgment as a Matter of Law or New Trial is DENIED as to Defendants' argument that there was insufficient evidence presented at trial to support a verdict against any of the Defendants; and

4. Final judgment shall not enter until after this Court enters its forthcoming Order addressing the remaining issue of Plaintiff's Motion to Amend the Judgment to Include Prejudgment Interest.

IT IS SO ORDERED.